IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MY HEALTH, INC.,

                Plaintiff,

v.

GENERAL ELECTRIC COMPANY,

                Defendant.

OPINION & ORDER

15-cv-80-jdp

---

      My Health, Inc. alleges that General Electric Company infringes its federally registered trademark, MY HEALTH. (The court will use all capitals to refer to the mark and "My Health" to refer to the plaintiff.) My Health uses MY HEALTH in connection with its patient monitoring software and related services. GE uses MYHEALTH on a section of its website that provides health and benefits information to GE employees. As it must to state a trademark infringement claim, My Health alleges: (1) that it has priority of rights to MY HEALTH, and (2) that GE's use of the term poses a likelihood of confusion.

      In response, GE claims that it was first to use MYHEALTH, which, if proven, would defeat My Health's case against GE entirely, notwithstanding My Health's federal registration. This would appear to be a fact-based defense more appropriately addressed at summary judgment. But GE moves to dismiss My Health's complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. So the fundamental question here is whether the court may decide the priority issue on a motion to dismiss.

      GE contends that the court may resolve the issue at this stage. First, GE contends that its website is a document specifically referred to in the complaint, so it is incorporated by

reference by My Health's complaint. Then, according to GE, the court may take judicial notice of the historical content of the GE website based on print-outs from the Internet Archive, which GE submits in support of its motion.

The court will deny GE's motion. GE's website is not a simple document that can be incorporated by reference into the complaint. A website, particularly one like GE's, is a dynamic library of documents. Regardless, a snapshot of a moment in time, which is all the Internet Archive can provide, does not establish the continuous use for particular purposes that GE must show to establish priority over My Health's rights. And the court will not take judicial notice of the Internet Archive pages to show the historical content of the GE website. The weight of authority in this circuit holds that Internet Archive evidence is not amenable to judicial notice.

GE also contends that its use of MYHEALTH poses no likelihood of confusion. But that issue, too, will require factual development. GE may have a robust defense, but the court will not decide the issue without allowing My Health the opportunity to develop the evidence to support its case.

ALLEGATIONS OF FACT

When evaluating a motion to dismiss for failure to state a claim upon which relief may be granted, the "court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Accordingly, the court takes the following facts from My Health's complaint:

My Health's founder, Michael E. Eiffert, MD, used to work for the University of Rochester developing healthcare technology. Eiffert and a colleague, Lisa C. Schwartz, developed and patented a patient monitoring system. Eiffert left the university and founded My Health to market and license the system to healthcare and technology companies.

My Health first used the mark MY HEALTH on April 17, 2008. On May 7, 2008, it applied for federal registration of the mark for use with patient monitoring software and devices and related consulting. The registration issued November 10, 2009, and achieved incontestable status on December 3, 2014.

My Health alleges that GE uses the mark MYHEALTH on its website, http://www.ge.com/myhealth, to induce its 21,000 Wisconsin employees to use its products and services. My Health alleges that GE's use creates a likelihood of confusion and that GE is attempting to capitalize on the reputation and goodwill that My Health has cultivated.

My Health alleges multiple counts arising from this set of core facts: one count of trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125; one count of false advertising under the Lanham Act, 15 U.S.C. § 1125(a); one count of trademark infringement in violation of Wis. Stat. § 132.033(1); one count of common law trademark infringement; and one count of unfair competition under Wisconsin state law.

GE introduces additional facts in support of its motion to dismiss. Although the court concludes that it would be improper to consider these facts on a Rule 12(b)(6) motion to dismiss, GE contends that it used MYHEALTH on its website at least as early as November 25, 2005, to provide benefits information to its employees and retirees.

The court has subject matter jurisdiction over My Health's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338. The court may exercise supplemental jurisdiction

over My Health's remaining state law claims, pursuant to 28 U.S.C. § 1367(a), because those claims are so related to My Health's Lanham Act claims that they form part of the same case or controversy.

## ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the complaint's legal sufficiency; it is not an opportunity for the court to find facts or weigh evidence. To state a claim upon which relief may be granted, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

On its face, My Health's complaint plainly states a claim for trademark infringement. But GE contends that because the complaint references GE's website, the complaint necessarily incorporates previous versions of that website, which demonstrate that GE is the senior user and, as a result, defeat My Health's claims. According to GE, My Health's complaint does not plausibly allege: (1) that My Health has protectable trademark rights against GE, because GE is the senior user; or (2) that GE's use is likely to cause confusion

4

among consumers. Dkt. 12. The court will not read the complaint to include the history of the GE website, and it will deny GE's motion to dismiss.

**A.  Trademark infringement under the Lanham Act**

"To prevail on a Lanham Act claim, a plaintiff must establish that (1) [its] mark is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers." *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001).

**1.  Priority**

My Health alleges that it has an incontestable federal registration for MY HEALTH in a healthcare-related field and that GE uses MYHEALTH to promote services at least somewhat related to My Health's areas of use. Although My Health does not allege when GE began using MYHEALTH, implicit in My Health's complaint is the contention that its rights to MY HEALTH are superior to GE's and that, as a result, it has protectable trademark rights against GE.

A federal trademark registration affords the presumptive right to exclusive nationwide use of a trademark. 15 U.S.C. § 1115(a). After five years of substantially continuous and undisputed use, a registered mark is eligible for "incontestable" status. Incontestable status provides, subject to the provisions of §§ 15 and 33(b) of the Lanham Act, "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b); *see also Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 192 (1985). An incontestable registration is not vulnerable to cancellation on the grounds that another was a prior user. *See* 15 U.S.C. §§ 1115(b), 1064, 1065; *see also Park 'N Fly*, 469 U.S. at 195 ("An incontestable mark that becomes generic may be canceled at

5

any time pursuant to § 14(c). That section also allows cancellation of an incontestable mark at any time if it has been abandoned, if it is being used to misrepresent the source of the goods or services in connection with which it is used, or if it was obtained fraudulently[.]"). But that is not to say that a senior user must surrender its rights to the owner of an incontestable registration. A senior user who can show continuous use from before the date of the federal registration has—and may affirmatively assert—common law trademark rights that are not affected by the subsequent registration. Under 15 U.S.C. § 1065, an incontestable registration does not protect a mark that "infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration[.]" Another way to put it is that the *registration* is incontestable, but the right to use the mark, and the right to prevent others from doing so, is not necessarily absolute.

In its motion to dismiss, GE contends that it is the senior user and that it has common law rights that My Health's subsequent registration cannot trump, even if that registration has achieved incontestable status. The court may consider this priority of use issue now, GE contends, because the complaint incorporates information concerning GE's senior use—i.e., historical screenshots of its website. In support of its motion, GE has submitted several screenshots of its allegedly infringing website from as far back as November 2005[1]—acquired via the Internet Archive or "Wayback Machine"—as allegedly indisputable proof that GE used its accused mark first. The Internet Archive provides screenshots of websites that allegedly show how the website appeared on a particular date. GE contends that

---

[1] The screenshots are dated November 25, 2005; November 30, 2005; December 1, 2005; October 14, 2006; April 15, 2007; June 19, 2007; November 30, 2007; April 11, 2008; February 9, 2009; and February 11, 2009. Dkt. 16-1.

6

the screenshots should be deemed to be part of the complaint because the complaint references the GE website. In the alternative, GE contends that the court could simply take judicial notice of the screenshots.

When evaluating a Rule 12(b)(6) motion to dismiss, the court may consider documents that the complaint incorporates by reference, as GE suggests. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The court may also consider facts that are amenable to judicial notice. But neither of these principles applies to the Wayback Machine screenshots.

The Wayback Machine is a third-party archive. Although information about historical websites is commonly used in this sort of litigation, its evidence is not so reliable and self-explanatory that it may be an appropriate candidate for judicial notice. The Seventh Circuit has approved of requiring a "knowledgeable" Internet Archive employee to authenticate Wayback Machine submissions before a court considers them. *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) ("[T]he district court reasonably required . . . authentication by someone with personal knowledge of reliability of the archive service from which the screenshots were retrieved."). The court will not take judicial notice of information established by submissions that require authentication. If properly authenticated and supported with affidavits, GE may submit this evidence in support of a motion for summary judgment, but it is not so unequivocally reliable that the court should take judicial notice of it.

Nor is the court inclined to consider the GE website to be a document that is incorporated into the complaint by reference. The incorporated-by-reference principle is a "narrow exception" to the general rule that the court will not consider evidence outside of the

complaint when evaluating a Rule 12(b)(6) motion, and the exception typically applies to references to specific, undisputed documents—for example, a contract. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). The complaint does refer to GE's website, which is available at a specific domain name. But that website is not the equivalent of single document unequivocally identified and cited in a complaint. A website, particularly a complex one like GE's, is a dynamic collection of documents and data that changes over time. A reference to the domain name at which the website can be found is not a reference to a specific document any more than a reference to www.newyorktimes.com is a reference to a specific article. The complaint does not reference the archived screenshots on which GE now relies, and the court will not consider the documents as "incorporated by reference."

As the party without the federal registration, GE bears the burden of proving that its use of MYHEALTH is both prior and continuous. *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.,* No. 03-cv-6070, 2004 WL 2967446, at *10 (N.D. Ill. Nov. 15, 2004). My Health is not required to plead facts sufficient to anticipate and counter GE's prior use defenses. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010). Even if the court were to consider GE's Wayback Machine evidence, the simple demonstration that it had some prior use would not be enough to sustain its burden. *See S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, No. 11-cv-861, 2014 WL 131114, at *10 (E.D. Wis. Jan. 14, 2014) ("The determination of rights between two users of the same mark, when one has a federally registered mark, does not simply involve a determination of which party presents evidence to demonstrate that it was the first user in each market in question. Rather, the party without the federal registration must prove its prior and continuous rights in a market that preempts the registrant's constructive nationwide rights."). My Health has plausibly alleged a

8

protectable interest in its mark, notwithstanding that GE may later prove an affirmative defense based on a priority.

### 2. Likelihood of confusion

GE also contends that My Health has not plausibly alleged that GE's use is likely to cause confusion among consumers. The Seventh Circuit has identified seven factors that inform the court's "likelihood of confusion" analysis:

> (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of the plaintiff's mark; (6) actual confusion; and (7) intent of the defendant to "palm off" his product as that of another.

*Packman*, 267 F.3d at 643. Courts balance the seven factors: "[n]o single factor is dispositive and courts may assign varying weights to each of the factors depending on the facts presented." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 678 (7th Cir. 2001).

Whether a plaintiff has demonstrated a likelihood of confusion is ultimately a question of law, but the likelihood of confusion factors present questions of fact. *See Bose Corp. v. QSC Audio Prods., Inc.*, 293 F.3d 1367, 1370 (Fed. Cir. 2002); *see also CAE, Inc.*, 267 F.3d at 677 ("In a trademark infringement case, whether consumers are likely to be confused about the origin of a company's products is a question of fact[.]"). "Because the likelihood of confusion test is a fact-intensive analysis, it ordinarily does not lend itself to a motion to dismiss." *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707, 715 (N.D. Ill. 2014) (citations and internal quotation marks omitted). The court's role when evaluating a Rule 12(b)(6) motion to dismiss is to determine whether My Health has pled facts sufficient to notify GE of its claims and to plausibly allege likelihood of confusion; the court will not weigh facts.

The complaint alleges the following facts in support of "likelihood of confusion": that the marks are virtually identical and differ only in insignificant ways ("My Health" versus "myHealth"); that the parties market similar products (patented remote patient care technology versus websites to facilitate exchanges between medical professionals and patients); and that both parties market their offerings to consumers via the internet. My Health alleges that potential licensees and customers have found GE's products because of the accused mark and have confused GE's offerings with My Health's. My Health alleges that the accused mark leads consumers to believe that GE is the source of the patented technology and services My Health offers. My Health alleges attempted and actual confusion, because GE's website invites customers to "[g]o to the main U.S. myHealth site" and creates "the impression that GE's website is run and operated by My Health." Dkt. 1, ¶ 23. GE also offers a Health and Wellness Portal "which performs functions and steps confusingly similar to My Health's patented technology." *Id.*

My Health's allegations, assumed true and construed in My Health's favor, are sufficient to place GE on notice of the claims against it and to plausibly allege that the accused mark is likely to cause confusion among consumers, to My Health's detriment.

GE essentially invites the court to weigh and resolve questions of fact. But the court will address those questions at summary judgment or trial. At the 12(b)(6) stage, My Health is not required to *prove* that GE's use is likely to cause confusion; it is sufficient that My Health has placed GE on notice of the nature of its claims and supported them with plausible allegations. In fact, GE's briefing makes it abundantly clear that it is fully aware of the claims against it and has already begun mounting its defense. And My Health has plausibly alleged that GE used the accused mark in a manner likely to confuse consumers.

B. **My Health's remaining claims**

GE contends that My Health's failure to plausibly allege that it has protectable trademark rights to assert against GE and that GE's allegedly infringing use is likely to confuse consumers is fatal to all of My Health's claims. Because the court has determined that My Health's complaint alleges facts sufficient to establish these elements, however, and because GE does not offer any additional arguments specific to My Health's remaining claims, the court will deny GE's motion with respect to My Health's remaining claims.

ORDER

IT IS ORDERED that defendant General Electric Company's motion to dismiss, Dkt. 12, is DENIED.

Entered December 28, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge